UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA WHEELER, an Individual; and JONATHON GOETZ, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, and DOES 1-100, inclusive.<br><br>Defendants. | Case No.  CV16-03289 BRO (PJWx)<br>Hon Beverly Reid O'Connell – Courtroom 7C<br>Hon. Mag. Patrick J. Walsh, Courtroom 790<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER RE FID REPORT AND PERSONNEL RECORDS |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

### I. PROTECTIVE ORDER PERSONNEL RELATED DOCUMENTS

After the Plaintiff VIRGINIA WHEELER, and Individual; and JONATHAN GOETZ, an individual, by and through their attorneys of record, James A. Morris, Esq. and Shane Greenberg, Esq. of Morris Law Firm, and Defendant CITY OF LOS ANGELES, a local public entity, (hereinafter referred to as "Defendant"), by and through their attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Supervising Assistant City Attorney, and Christian R. Bojorquez, Deputy City Attorney, conferred regarding the Production of Personnel Documents - any Complaints of Excessive Force

and Discipline for Excessive Force, as well as any Complaints for false statements and/or dishonesty/untruthfulness with respect to the involved Officers and the Force Investigation Division Report, among other items, IT IS HEREBY ORDERED, pursuant to the stipulation of the parties that the following Protective Order, and its terms shall govern documents and things in this matter:

For purposes of this Order, Confidential Materials include, but are not limited to the following categories:

1. Requested Force Investigation Division Reports as follows:
   a. Force Investigation Division Investigation Records;
   b. Any and all documents, interviews, Officer Statements and/or writings created during such Investigation, which include, but are not limited to, the following:

Force Investigation Division Records
- Interviews;
- Officer Statements, whether written or recorded;
- Body Camera Footage;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Internal Narrative Memoranda;
- Administrative Documents Regarding Investigation & its Outcome
- All addenda.

3. GOOD CAUSE STATEMENT

The Force Investigation Division (hereinafter "FID") of the Los Angeles Police Department and the Internal Affairs and/or Complaint Investigators conduct internal administrative investigations of categorical officer-involved uses of force and internal complaints and external citizen complaints of police misconduct. In this above-

2

captioned matter an FID Investigation was conducted. As a result, the Parties have agreed to this Proposed Protective Order covering the Investigation and its contents. In addition, Personnel Complaint information has also been requested and the Parties have agreed to disclosure of documents as listed in this Protective Order. Defendants contend that a Protective Order is appropriate for the following Good Cause reasons:

    a.    Once completed, an investigation report (hereafter "FID" report) and/or Personnel Complaint Investigation is prepared. Such reports are reviewed by appropriate command officers in the Department and by the Board of Police Commissioners. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc.; should be modified. In sum, FID reports and/or Personnel Complaint Investigations are an essential aid to providing critical self-evaluation of Department officers and policies and to determine the most effective way to serve the citizens of Los Angeles.

## II.   TERMS OF THE PROTECTIVE ORDER

1. INTRODUCTION

    a.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of items defendants allege are confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this

Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   Action: This pending lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement.

2.4   Counsel: Counsel of Record and their support staff.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

4

2.10   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Documents & Information Covered by this Order:

For purposes of this Order, Confidential Materials include, but are not limited to the following categories:

1. Requested Force Investigation Division Reports as follows:
    a. Force Investigation Division Investigation Records;
    b. Any and all documents, interviews, Officer Statements and/or writings created during such Investigation, which include, but are not limited to, the following:

Force Investigation Division Records
- Interviews;
- Officer Statements, whether written or recorded;
- Body Camera Footage;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Internal Narrative Memoranda;

///

- Administrative Documents Regarding Investigation & its Outcome
- All addenda.

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Should any Protected Material become part of the public record at trial or otherwise (such as a where the Court denies the request to file under seal), this Protective Order shall no longer apply to such material with the exception that such material must still be returned in compliance with Section 12: Final Disposition.

Should any portion of the Protected Material remain confidential until trial, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants may request the opportunity to show good cause to the Court as to why access to the courtroom should be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

For all portions of the Protected Material which remain confidential, after final disposition, the confidentiality obligations by this Order shall remain in effect. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

    1.     The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect with corresponding case number. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. Any party stamping any of the Confidential Materials may not stamp the records in such a way as to make any written portion of the records illegible. The documents must remain completely legible.

    2.     Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

    3.     Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

    a.     Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

    b.     Witnesses, while being examined by counsel during a deposition pursuant to a stipulation that such portion of the record will be sealed. In the event the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be again attached under seal to the sealed portion of the deposition.

    c.     Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(c), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgement:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____ /s/ _____"

Once this is completed, Counsel for Plaintiff must maintain this acknowledgement(s).

5.    Upon the final termination of this federal litigation, including any appeal pertaining thereto, including but not limited to any event wherein the case is ever remanded to State Court or dismissed and refiled in State Court, all Complaints, Investigations, Reports, materials, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

6.    If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or

disclosure of Confidential Material. However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information, it shall be the party seeking to use such information burden to first request the sealing of such documents pursuant to Local Rule 79-5.1.

8. Counsel for the parties hereto agree to request that in the event any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury. Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants may request the opportunity to show good cause to the Court as to why access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

///
///
///
///
///
///
///
///

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

*IT IS SO STIPULATED.*

Dated: February 13, 2017

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
CORY M. BRENTE, Supervising City Attorney

By: /s/ Christian R. Bojorquez
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES

Dated: February 10, 2017

MORRIS LAW FIRM

By: /s/ Shane Greenberg
JAMES A. MORRIS, ESQ.
SHANE GREENBERG, ESQ.
Attorney for Plaintiff VIRGINIA WHEELER and JONATHAN GOETZ

**IT IS SO ORDERED.**

Dated: 2/15/17

By: /s/ Patrick J. Walsh
HONORABLE PATRICK J. WALSH
United States Magistrate Judge

10